UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THERESA WENZEL,<br><br>           Plaintiff,<br>   v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>           Defendant. | Case No. 3:13-cv-00074-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

Before the Court is Magistrate Judge William G. Cobb's Report and Recommendation ("R&R") (ECF No. 23) regarding Plaintiff Theresa Wenzel's Motion for Reversal and/or Remand of the Commissioner's Decision (ECF No. 15), and a Cross-Motion to Affirm filed by Defendant Commissioner Carolyn W. Colvin ("Commissioner") (ECF No. 18). The Court has also reviewed Defendant's objection to the R&R (ECF No. 24), and Plaintiff's response (ECF No. 25).

**II.   BACKGROUND**

Plaintiff filed for Disability Insurance Benefits on July 22, 2009. (AR 119-22.)[1] Her application was denied after an initial review and upon reconsideration. (AR 68, 74.) Plaintiff sought review of the decision by an administrative law judge ("ALJ") on August 24, 2010; she appeared before the ALJ on September 6, 2011. (AR 39-64, 77-78.)

---

[1] Defendant manually filed a complete Administrative Record ("AR") with the Court in January 2014. (ECF No. 10.) The Court will cite to the internal page numbers that appear in the bottom, right-hand corner of the manually filed AR.

Plaintiff claims that she suffers from fibromyalgia syndrome, migraine headaches, lumbar degenerative disc disease, alopecia areata, and asthma. (AR 25.) She asserts that debilitating pain from her fibromyalgia and degenerative disc disease makes her unable to do work. (*See* AR 61-62.) Proceeding through the sequential five-step analysis used to determine whether a claimant is disabled for purposes of disability benefits, 20 CFR 404.1520(a), the ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 16, 2009, and that her impairments were severe.[2] (AR 25.) In addition to Plaintiff's testimony, the ALJ considered medical evidence and opinions from several doctors, including Plaintiff's treating physicians, a consultative physician, and a Disability Determination Service ("DDS") physician. (AR 29-32.) Among other findings, both Dr. Richard Gasparre, the consultative physician, and Dr. Julius Villaflor, the DDS physician, concluded that Plaintiff could sit, stand, and/or walk for six hours during an eight-hour workday, climb stairs and ramps at least occasionally, and perform other physical activities — like carrying and lifting items of varying weights, balancing, stooping, crawling, or kneeling — either frequently or occasionally. (AR 31-32.) The ALJ, however, gave little weight to Dr. Gasparre's opinion because he did not have access to the medical evidence. (AR 31.) Dr. Villaflor's opinion, by contrast, received significant weight because it was consistent with the objective medical evidence. (AR 32.) The ALJ also credited Dr. Villaflor's expertise in evaluating disability benefit claims. (AR 32.)

In an October 2011 order, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work, including her past relevant work as a dispatcher and other "sedentary and light occupations" that exist in the national economy. (AR 27-34.) The ALJ arrived at this RFC determination by discounting Plaintiff's subjective testimony regarding her symptoms. (AR 28-29.) According to the ALJ, Plaintiff's

---

[2]Plaintiff also claimed that she suffered from depression and anxiety. (AR 25-26.) The ALJ found no evidence that Plaintiff's depression and anxiety constituted a severe impairment that would limit her ability to perform work. (AR 26.) The ALJ likewise concluded that Plaintiff's weight fluctuations and history of cervical cancer did not constitute severe impairments. (AR 26.) Plaintiff has not challenged these findings on appeal. (*See* ECF No. 15 at 5-9.)

testimony was contradicted by the medical evidence and opinions described above, which suggested that her symptoms were less severe than she had alleged. (AR 28-32.) The ALJ accordingly found that Plaintiff was not disabled for purposes of disability insurance benefits. (AR 34.) Plaintiff petitioned the Social Security Appeals Council to review the ALJ's decision, but her request was denied. (AR 1-3.)

The R&R recommends remanding the ALJ's decision for further proceedings. (ECF No. 23 at 28-29.) Magistrate Judge Cobb found that, with regard to Plaintiff's fibromyalgia and spinal stenosis,[3] the ALJ failed to articulate clear and convincing reasons for discounting Plaintiff's testimony about the severity of her symptoms. (*Id.* at 23.) Judge Cobb further concluded that the ALJ erred by discrediting Plaintiff's testimony as contradictory to medical opinion evidence, which, in turn, was not supported by substantial evidence. (*Id.* at 27.) The R&R therefore recommends granting Plaintiff's Motion for Reversal and/or Remand (ECF No. 15) and denying Defendant's Cross-Motion to Affirm (ECF No. 18). For the reasons discussed below, the R&R is adopted in full.[4]

## III.  LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Martin's objection, the Court will review *de novo* the two portions of the R&R relevant to the objection.

---

[3]As for Plaintiff's testimony about her migraines, Judge Cobb found that substantial evidence supports the ALJ's decision to discredit that testimony. (ECF No. 23 at 26.) Neither party has objected to this determination. The Court will accordingly adopt it. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed).

[4]The R&R additionally details the procedural history of Wenzel's claims, offers a summary of the ALJ's findings and relevant testimony, and spells out the applicable legal standards under the Social Security Act. (ECF No. 23 at 1-8.) These portions of the R&R are not in dispute, and the Court adopts them in their entirety. *See Reyna-Tapia*, 328 F.3d at 1121.

3

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)). The Court must consider the entire record as a whole to determine whether substantial evidence exists, and must consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523. In weighing the evidence and making findings, the ALJ must also apply the proper legal standards. *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

**IV.    ANALYSIS**

The R&R tracks the two issues that Plaintiff raised in her Motion to Remand (ECF No. 15): first, whether the ALJ properly discredited Plaintiff's subjective testimony, and second, whether Dr. Villaflor's opinion — which the ALJ gave great weight in discounting Plaintiff's credibility — was supported by substantial evidence. (*See* ECF No. 23 at 12-23, 26-28.) The R&R concludes that the ALJ's opinion was improper on both grounds. (*Id.*) Defendant, however, insists that the R&R ignores portions of the ALJ's opinion, which discuss substantial evidence in the record regarding Plaintiff's credibility and Dr. Villaflor's opinion. (ECF No. 24 at 2-4.) According to Defendant, for example, the ALJ identified medical evidence demonstrating that Plaintiff's symptoms improved with treatment, which is a valid reason to discount her testimony. (*Id.*) As for Dr. Villaflor's medical opinion evidence — which, per the R&R, erred by ignoring evidence of Plaintiff's fibromyalgia — Defendant argues that the record directly contradicts the R&R's conclusion. (*Id.* at 4-8.) The Court will address each argument in turn.

///

### A. Timeliness of Defendant's Objection

As an initial matter, Plaintiff urges the Court to disregard Defendant's objection because it is allegedly untimely. The R&R, which was issued on April 6, 2015, instructed Defendant to file any objection within fourteen (14) days of the date of its receipt. (ECF No. 23 at 30.) Defendant filed its objection on April 21, 2015. (ECF No. 24.) According to the time calculations spelled out in Rule 6(a) of the Federal Rules of Civil Procedure, the 14-day period would have elapsed on April 20, 2015. *See* Fed. R. Civ. P. 6(a)(1). Rule 6(d), however, also specifies that 3 additional days are given to parties who must act within a specified time period and who are served with a document electronically. Fed. R. Civ. P. 6(d) (citing Fed. R. Civ. P. 5(b)(2)(E)). Because the R&R was distributed to the parties through the Court's electronic filing system (ECF No. 23), Defendant had 3 days in addition to the 14-day period during which it could file an objection. Defendant's objection is timely.

### B. The Medical Evidence Does Not Contradict Plaintiff's Testimony

Defendant insists that the ALJ properly discounted Plaintiff's credibility because her complaints contradicted objective medical evidence about her response to treatments. (ECF No. 24 at 2-4.) The ALJ's findings, Defendant contends, were supported by ample citations to the record, which the R&R overlooked. (*Id.*) Plaintiff argues that the R&R was correct in concluding that the ALJ should not have discounted her testimony based on evidence that her symptoms improved with treatment. (ECF No. 25 at 4-5.) Instead, just as the R&R explains, the medical evidence shows that any improvements to Plaintiff's symptoms were fleeting. (*Id.*)

The ALJ is responsible for determining credibility. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "If the claimant meets the first test and there is no evidence of malingering, the ALJ may only reject the claimant's testimony about the

severity of the symptoms if he or she gives 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter*, 504 F.3d at 1036). An ALJ's findings are supported by substantial evidence if they are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). "[T]he claimant is *not* required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Garrison*, 759 F.3d at 1014 (emphasis in original) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). The ALJ may not reject subjective pain testimony "on the sole ground that it is not fully corroborated by objective medical evidence[.]" *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The R&R relies on *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014), in finding that the ALJ erred by discounting Plaintiff's testimony because the evidence suggested that her symptoms improved with medication and other treatments. (ECF No. 23 at 14-15, 22-23.) In *Garrison*, the plaintiff complained of severe neck and back pain and periodic psychological episodes that were poorly remedied — if at all — by medication and other treatments. *See Garrison*, 759 F.3d at 1001-02, 1005, 1013. The ALJ, however, denied the plaintiff's request for social security benefits. *Id.* at 998-99. The Ninth Circuit documented a series of "egregious" errors in the ALJ's review of the medical evidence, including "manufactur[ing] a conflict with respect to the outcome of treatment by asserting that [a treating physician's] records showed 'consistent[]' improvement, when in fact they show consistent cervical and lumbar radiculopathy that responded only very briefly and partially to treatment." *Id.* at 1013. The court further rejected the ALJ's rationale for discrediting the plaintiff — contrary to the ALJ's opinion that the plaintiff's physical impairments improved with treatment, the medical evidence showed those treatments "afforded her only partial and short-lived relief," "variable, brief"

relief, or "no effective relief" at all. *Id.* at 1015. Medication similarly caused distracting side-effects and "provided only limited periods of relief from otherwise-constant pain." *Id.*

Defendant argues that the R&R's use of *Garrison* is misplaced. Here, Defendant contends, the medical evidence demonstrates that Plaintiff's various treatments helped abate her symptoms. (ECF No. 24 at 2.) The ALJ notes that Plaintiff received medication, steroidal trigger point injections, and epidural injections to control her pain associated with fibromyalgia and degenerative disc disease. (AR 29.) The ALJ further points out that Plaintiff's treating physician noted an 80% improvement to Plaintiff's lower back pain after her lumbar epidural in July 2009. (AR 29.) She became pregnant shortly thereafter, which required discontinuing or modifying some of her treatments. (AR 29.) The ALJ notes that Plaintiff returned to physical therapy in November 2010 (after giving birth to a healthy baby); she reported some improvement in terms of pain, but still rated her pain at 5 or 6 out of 10. (AR 29, 403.)

Because "[i]mpairments that can be controlled effectively with medication are not disabling," Defendant contends that the ALJ properly discounted Plaintiff's testimony in light of her positive response to treatment. (*Id.* (quoting *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)). Defendant argues that the ALJ's opinion adequately documents Plaintiff's continued improvement with treatment. (*See id.* at 3-4.) Defendant cites to several instances in the record, which suggest that Plaintiff experienced some improvements immediately following her treatments, both before and after her pregnancy. (*Id.* (quoting AR 408, 495 (noting that Plaintiff's physical therapist stated that she had "improved dramatically" as of July 2010, and that, as of December 2010, Plaintiff had a "significant benefit" from her epidural injections)).)

The R&R, however, highlights many instances in the record indicating that Plaintiff continued to experience severe pain even alongside her treatments. (ECF No. 23 at 21-22.) For example, during a December 2010 visit to a treating physician, Plaintiff complained of pain at a level of 6 to 8 out of 10, with worsening symptoms. (*Id.* at 21 (citing AR 495-96).) Notes from the same visit state that Plaintiff had a "significant

7

benefit" from her most recent epidural injection. (AR 495.) During follow-up visits over the next several months, Plaintiff continued to report pain at a level of 6 to 8 out of 10, with worsening symptoms. (AR 491-94.) She also experienced significant relief from her epidural injections, as well as some relief from trigger point injections. (AR 488, 491-94.) As the R&R recounts, however, Plaintiff reported significant pain as of July 2011, which was made worse by her trigger point injections. (ECF No. 23 at 22 (citing AR 485).) Although she experienced immediate benefits from an epidural injection a week before, Plaintiff had only "50% residual benefit" from the injection. (AR 485.)

Despite Defendant's objection, the Court agrees with the Magistrate Judge's finding that the ALJ erred in discrediting Plaintiff's testimony. The record suggests that Plaintiff's symptoms returned shortly after she received epidural injections, and were exacerbated by the trigger point injections. Even if Plaintiff experienced some "partial and short-lived" benefit from her treatments, *Garrison*, 759 F.3d at 1015, the record does not demonstrate that Plaintiff's symptoms were effectively controlled by medication and treatments. The Court therefore finds that the ALJ erred in discrediting Plaintiff's testimony based on the medical evidence — while Plaintiff received some fleeting benefits from her treatments, the evidence suggests that she continued to experience severe pain from her lumbar degenerative disc disease and fibromyalgia. The Court will therefore adopt the R&R's analysis on this issue.[5] (ECF No. 23 at 22-23.)

    **C.**    **Substantial Evidence Does Not Support Dr. Villaflor's Opinion**

The R&R additionally concludes that the ALJ erred in discounting Plaintiff's testimony in light of contradictory medical opinion evidence. (ECF No. 23 at 26-28.) The ALJ gave great weight to a check-the-box analysis offered by Dr. Villaflor, a state disability physician. (AR 31-32.) Dr. Villaflor's assessment includes a "check the box" opinion of Plaintiff's symptoms and two short paragraphs in the "additional comments"

---

[5] The R&R also found that Plaintiff's migraines were adequately controlled by medication. (ECF No. 23 at 26.) Neither party has contested that finding. (*See* ECF Nos. 24, 25.) The Court agrees with the R&R's conclusion that substantial evidence supports the ALJ's decision to discredit Plaintiff's testimony about the severity of her migraines. (ECF No. 23 at 23-26.)

where he noted that "fibromyalgia was mentioned," but his opinion disregarded this medical condition because he did not see any supporting documentation. (AR 391.) However, the records show Plaintiff's treating physician (Dr. Pitman) tested the myofascial trigger points and found Plaintiff suffered myofascial aches and pain consistent with fibromyalgia (AR 264). The Court thus agrees with the R&R's finding that the ALJ erred in discrediting Plaintiff's testimony as to her symptoms as it was not supported by Dr. Villaflor's opinion because Dr. Villaflor's opinion is not supported by substantial evidence.

## V.     CONCLUSION

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 23) is accepted and adopted in full. Plaintiff's Motion for Reversal and/or Remand (ECF No. 15) is granted. Defendant Commissioner Carolyn W. Colvin's Cross-Motion to Affirm (ECF No. 18) is denied. This matter is remanded to the ALJ for further proceedings. The Clerk is directed to enter judgment consistent with this Order and close this case.

DATED THIS 15th day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE