|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| THERESA WENZEL,<br><br>    Plaintiff<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security,<br><br>    Defendant | Case No.: 3:13-cv-00074-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 36 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is a motion for attorney fees under 42 U.S.C. § 406(b) filed by Theresa Wenzel's counsel. (ECF Nos. 36, 36-1 to 36-6.) Wenzel did not file a response to the motion. The Commissioner of Social Security filed a statement in response indicating the Commissioner does not take a position with respect to the fee request. (ECF No. 38.)

After a thorough review, the court finds the fees requested to be reasonable and recommends that the motion be granted.

## **I. BACKGROUND**

Plaintiff Theresa Wenzel, represented by counsel, sought and was granted in forma pauperis status and filed her complaint requesting review of the final decision of the Commissioner. (ECF Nos. 1, 2, 4, 5.) Wenzel filed a motion for remand, and the Commissioner filed a cross-motion to affirm. (ECF Nos. 15, 18.) On April 6, 2015, the undersigned issued a

report and recommendation that Wenzel's motion be granted; the Commissioner's cross-motion be denied; and, that the matter be remanded for further proceedings. (ECF No. 23.) District Judge Du adopted and accepted the report and recommendation and remanded the case to the Administrative Law Judge (ALJ) for further proceedings and entered judgment in Wenzel's favor. (ECF Nos. 29, 30.) The parties stipulated, and District Judge Du ordered an award of attorney's fees and expenses under the Equal Access to Justice Act (EAJA) in the amount of $3,700. (ECF Nos. 31, 32.) On remand, the Commissioner granted Wenzel's application for benefits, entitling her to $79,640 in retroactive benefits.

Wenzel's representation was based on a contingency fee agreement. Wenzel's counsel filed this motion requesting an award of attorney's fees in the amount of $13,000 under 42 U.S.C. § 406(b), with an offset of the $3,700 awarded under the EAJA. (ECF No. 36.) Counsel seeks $13,000 from the past due benefits awarded, instead of the 25 percent withheld ($19,910).

## II. LEGAL STANDARD

The court may award fees when it "renders a judgment favorable to a claimant ... who was represented before the court by an attorney ... not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. §406(b)(1).

"[A]n award under §406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1220 (9th Cir. 2012). "The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits' awarded to the claimant." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing §406(b)(1)).

"§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807.

In conducting the fee analysis, the court should begin with the contingent fee agreement and determine if it is within the 25 percent cap, and then test if for reasonableness. *Gisbrecht*, 535 U.S. at 808. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

*Crawford* has set forth factors that district courts should consider in determining the reasonableness of the fee, including: (1) the character of the representation (whether there was substandard performance or delay attributable to the attorney requesting the fees); (2) the results achieved; (3) whether the benefits of the representation were out of proportion with the time spent on the case; and, (4) the risk assumed by counsel in accepting the case. *Crawford*, 586 F.3d at 151-52. "'[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement,' but 'not as a basis for satellite litigation,' the court may require counsel to provide a record of the hours worked and counsel's regularly hourly billing charge for noncontingent cases." *Id*. at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The attorney bears the burden of establishing that the fee sought is reasonable. *Id*. at 1145, 1148 (citing *Gisbrecht*, 535 U.S. at 807) (approving requests for fees with an effective hourly rate of $659, $813 and $875); *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (noting that "[s]ince *Gisbrecht* ... district courts generally have been deferential to the terms of contingency fee contracts in § 406(b)

3

cases, accepting that the resulting *de facto* hourly rates may exceeds those for non-contingency-fee arrangements" because "courts recognize that basing a reasonableness determination on a simple hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

Finally, when fees are awarded under the EAJA, and fees are also awarded under section 406(b)(1) in the same case, the court must offset the EAJA award against the section 406(b) award. *Gisbrecht,* 535 U.S. at 796*; Parrish*, 698 F.3d at 1221.

### III. DISCUSSION

Here, the contingency fee agreement is within the statutory 25 percent cap. The contingency agreement was for a fee of 25 percent of past due benefits awarded if Wenzel was successful. (ECF No. 36-1.) Counsel actually seeks an award less than 25 percent of the past due benefits payable to Wenzel.

Next, the court will address the *Crawford* factors. First, there is no issue with the character of the representation, i.e., nothing in the record suggests counsel's performance was substandard. There is no delay or dilatory conduct attributable to Wenzel's counsel. Second, Wenzel's counsel achieved a successful result—a remand that resulted in a fully favorable decision and award of past due benefits. (ECF No. 36-2, Social Security Administration fully favorable decision following remand.) Third, the benefits of representation are not out of proportion with the time spent on the case. Counsel spent 22.3 hours on this case. The fee of $13,000 for 22.3 hours of work translates to an hourly rate of $582.96, or an effective hourly rate of $417.04 after the EAJA fees are offset. Courts within this circuit have awarded fees under section 406(b) with much higher rates. *See e.g. Crawford,* 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *McCullough v. Berryhill,* Case No. 16-cv-00625-BLF,

2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving effectively hourly rate of $874.72, and citing cases approving effective hourly rates ranging between $1,000 and $1,500). Counsel has submitted a detailed billing statement in support of the requested fee that the court has reviewed and finds the work performed to be reasonable. Finally, counsel, as in most all Social Security cases, assumed a risk of going uncompensated in accepting the case and that the time before past due benefits were awarded, if any, could be quite lengthy within both the courts and the administration.

Applying *Gisbrecht* and *Crawford*, the court concludes that the fees requested are reasonable and should be awarded under section 406(b) in the amount of $13,000 with an offset to Wenzel of $3,700 for the fees awarded under the EAJA.

## **IV. RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** the motion for attorney's fees under §406(b), and awarding Wenzel's counsel $13,000 in fees with an offset to Wenzel of $3,700 for the fees awarded under the EAJA.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 7, 2018

*William G. Cobb*

William G. Cobb
United States Magistrate Judge